1

2

3

4

5             IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   CURTIS KIMBER,                    )   No. C 08-2062 JSW (PR)
                                      )
9              Petitioner,            )   **ORDER DENYING PETITION**
                                      )   **FOR A WRIT OF HABEAS CORPUS**
10      vs.                           )   **AND DENYING CERTIFICATE OF**
                                      )   **APPEALABILITY**
11                                    )
    ED FOULK, Executive Director, Napa )
12  State Hospital,                   )
                                      )
13             Respondent.            )
    _____   )

14

15                    **INTRODUCTION**

16          This is a habeas case filed pro se by a person presently confined at the Napa State

17  Hospital.  The petition is directed to a revocation of probation and the consequent prison

18  sentence imposed on February 22, 2007.  This Court ordered Respondent to show cause

19  why a writ should not issue.  Respondent filed an answer and a memorandum of points

20  and authorities in support of the answer.  He also lodged the record with the court.

21  Petitioner has filed a traverse.  For the reasons stated below, the petition is denied on the

22  merits.

23                    **BACKGROUND**

24          In 2003 Petitioner pled guilty to a charge of assault by means of force likely to

25  produce great bodily injury and was sentenced to three years of probation.  The person

26  who was injured was a "psych tech" at Napa State Hospital.  (*See* Ex. B, RT 11/6/03 at

27  5.)  Petitioner apparently was confined there on a mental health conservatorship at the

28

time of the incident.  (*Id.* at 7.)

On September 28, 2005, the Napa County prosecutor filed a petition to revoke Petitioner's probation.  On January 20, 2006, the prosecutor filed another petition to revoke probation, based on a different incident than that which gave rise to the September petition.  After a suspension of proceedings for restoration of competency, the two petitions to revoke probation were tried and on January 17, 2007, were sustained. (Ex. B, RT 1/17/09.)  On February 22, 2007, Petitioner was sentenced to two years in state prison, with credit for time in custody of 616 days.  It is this judgment he attacks here.

Petitioner's state habeas petitions in the California Court of Appeal and the California Supreme Court were denied.

## DISCUSSION

### A.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction."  *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under the AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.*  at § 2254(d).  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that

the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**B.    Evidentiary Hearing**

Petitioner asks for an evidentiary hearing in his petition and in his traverse.

An evidentiary hearing is held in federal habeas cases only under the most limited circumstances. *Baja v. Ducharme*, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the Petitioner failed to develop a factual basis in state court can be held only if Petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(A)-(B). In short, if Petitioner did not attempt to present in state court the facts he wishes to present now, for instance by attempting to develop them in his state habeas proceedings, he cannot do so now unless he can show that he meets the provisions of section 2254(e)(2) outlined above.

A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. Accordingly, where the

prisoner has met the burden of showing he was diligent in efforts to develop the facts supporting his claims in state court, an evidentiary hearing may be held without regard to whether the "stringent" requirements of § 2254(e)(2) apply. *Id.* at 437; *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003); *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997).

It is Petitioner's burden to show that he attempted to develop the facts in state court but was prevented from doing so, for instance by showing that the state court denied a request for an evidentiary hearing. *Hutchison v. Bell*, 303 F.3d 720, 747 (6th Cir. 2002) (requiring Petitioner to demonstrate "sufficient diligence"); *Baja,* 187 F.3d at 1078-79.

Petitioner has not presented any information showing that he acted with due diligence in attempting to develop the facts in state court, whether by requesting an evidentiary hearing in state court or submitting declarations there. He thus has failed to develop facts in state court, and because he has not attempted to show that the exceptions of Section 2254(e)(2)(A)-(B) apply to him, is not entitled to an evidentiary hearing.

Furthermore, Petitioner provides only conclusory contentions as to what he expects to show if a hearing were to be held, rather than alleging facts. Thus, even if he had not failed to show that he attempted to develop the facts in state court and was prevented from doing so, he has not shown an entitlement to an evidentiary hearing under the pre-AEDPA standard. *See Williams v. Calderon*, 52 F.3d 1465, 1484 (9th Cir. 1995) (to establish right to evidentiary hearing, Petitioner must provide allegations of fact that, if proven, would establish right to relief).

The motion for an evidentiary hearing will be denied.

## C.     Merits

As grounds for habeas relief Petitioner contends: (1) he was the victim of vindictive and selective prosecution; (2) his right to appeal was violated; (3) his lack of mental capacity shows that the prosecution must have been retaliatory; and (4) his appellate counsel was ineffective.

### 1.     Vindictive or Selective Prosecution

Petitioner contends that he was prosecuted because his mother campaigned publically against abuses she perceived in the mental health care system.  Because Petitioner is not alleging that the prosecution was motivated by anything he did, as opposed to the actions of someone else, this is not a vindictive prosecution claim, but rather is for selective prosecution.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("vindictive prosecution" is when charges are brought to punish the defendant for his or her exercise of a constitutional or statutory right).

Petitioner presents nothing but speculative allegations that he was prosecuted because of his mother's activities.  Unsupported allegations of selective prosecution are not enough.  *United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994); *see also United States v. Buffington*, 815 F.2d 1292, 1305 (9th Cir. 1987) (speculation of selectivity by black defendant previously acquitted of officer's murder, without additional proof, insufficient to establish selective prosecution).  Petitioner's conclusory allegations are not sufficient to overcome the presumption that the prosecutor properly discharged his or her official duties.  *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) (presumption). This claim is without merit.

### 2.     Right to Appeal

Petitioner contends that his due process rights were violated when he was not able to appeal.

The Constitution does not require states to grant appeals as of right to criminal defendants seeking to review alleged trial court errors.  *Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (citation omitted).  However, if a state creates a system for appellate review, the procedures must comport with the demands of constitutional due process and equal protection.  *Id.*

Petitioner says that his mother mailed a timely notice of appeal and request for a certificate of probable cause to the Napa County Superior Court, and when that court failed to file the documents and did not respond, Petitioner's mother "mailed another

notice." (Pet. at 7.) He asserts that the mailing of these two documents is proved by copies of certified mail receipts provided with his petition. (*Id.*) He says that the superior court forwarded the second notice to the California Court of Appeal, which opened case number A119266 and appointed counsel. When counsel did nothing, Petitioner's mother petitioned the court of appeal to allow the appeal, but "the petition" was denied without comment. (*Id.*)

Petitioner was sentenced to prison in the revocation case on February 22, 2007. He thus had until and including April 23, 2007, to file a notice of appeal with the Superior Court. *See* Cal. R. Ct. 8.308(a) (60 days from entry of judgment to file appeal in criminal case).

Petitioner claims that his mother filed a timely notice of appeal, but a review of the attachments to the petition shows that this is a misstatement. The earliest of the certified mail receipts showing mail addressed to the Napa Superior Court carries a mailing date of April 24, 2007. Attached to it is a letter dated April 19, 2007, addressed to the Napa County Superior Court. In it Petitioner's mother says that she sent a notice of appeal to Petitioner at San Quentin, with instructions for him to sign it and return it to her for filing with the court. She says that she did not receive the receipt back showing that the documents had been received at San Quentin, nor did her son send her the signed notice of appeal. She asks that the court hold her son to less stringent standards than lawyers and that it appoint counsel for him. This does not show that Petitioner (or his mother) mailed a notice of appeal to the Napa County Superior Court within the time to appeal, and contrary to Petitioner's suggestion, the "mailbox" rule does not apply when, as here, the prisoner has not delivered to prison authorities a document for filing with the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). In her letter dated July 16, 2007, Petitioner's mother describes her letter dated April 19, 2007, as an "inquiry," which is consistent with its not having been a notice of appeal.

Petitioner says in his petition that the superior court forwarded his second notice of appeal to the court of appeals, which opened case number A119266 and appointed

counsel.  The attachments to the petition show that what Petitioner refers to as the second notice of appeal was a document headed "Petition to Enforce Disabled Person's Right to Appeal."  The California Court of Appeal treated it as a petition for habeas corpus and denied it.  And although it does not seem to have any bearing on this claim, Petitioner has not provided any evidence to support his contention that the court of appeal appointed counsel, no order appointing counsel appears on the docket of that case, and the docket does not show an appearance by any lawyer for Petitioner – it lists him as "pro per." Nothing in this was a violation of due process.

Petitioner has not established that he filed a notice of appeal within the time allowed to do so under California law.  His claim that his due process rights were violated with regard to his attempt to appeal is without merit.

### 3.     Mental Capacity

For his third issue, Petitioner states that:  "Defense counsel and the trial court acknowledge on the record at sentencing that the doctors who examined me opined that 'it does not appear that I had the mental facilities [sic] to comply with probation terms,' and noted that I have brain damage and I should not be sentenced to prison or even tried." (Pet. at 8.)  In his statement of facts supporting the claim he contends that his prosecution was in retaliation for his mother's activities, a claim dealt with above, and that the prosecution thus violated his due process and equal protection rights.  This claim duplicates claim one, above, and is without merit for the reasons discussed there.

### 4.     Ineffective Assistance of Appellate Counsel

Petitioner contends that his appellate counsel was ineffective.  There is no evidence that Petitioner had either an appellate case or appellate counsel.  The court of appeal treated his "Petition to Enforce Disabled Person's Right to Appeal" as a petition for habeas corpus and denied it, without appointing counsel.  No other case by Petitioner appears on its docket.  This claim is without merit.

///

///

**D.    Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal).  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  *See id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

For the reasons set out above, jurists of reason would not find the result debatable. A certificate of appealability will be denied.

<b>CONCLUSION</b>

Petitioner's requests for an evidentiary hearing are DENIED.  The petition for a writ of habeas corpus is DENIED, and the Court declines to issue a certificate of appealability.  The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:   December 11, 2009

_____
JEFFREY S. WHITE
United States District Judge

8

1    UNITED STATES DISTRICT COURT

2    FOR THE

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    CURTIS KIMBER,                          Case Number: CV08-02062 JSW

7              Plaintiff,                     **CERTIFICATE OF SERVICE**

8       v.

9    ED FOULK et al,

10             Defendant.
     _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13   That on December 11, 2009, I SERVED a true and correct copy(ies) of the attached, by placing
14   said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
     depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
15   delivery receptacle located in the Clerk's office.

16

17   Curtis M. Kimber
     NA 202929-6
18   C/O Ann P. Williams 2251 Nobili Ave
     Santa Clara, CA 95051
19

20

21   Dated: December 11, 2009                 *Jennifer Ottolini*
                                              Richard W. Wieking, Clerk
22                                            By: Jennifer Ottolini, Deputy Clerk

23

24

25

26

27

28   G:\JSWALL\Pro-Se Prisoner\2008\Kimber2062.ruling.frm